UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                                      :

MICHAEL WILLIAMS et al., *on their own behalf and on behalf of others similarly situated*,

                Plaintiffs,

                -v-

INSOMNIA COOKIES, LLC et al.,

                Defendants.

---------------------------------------------------------------------X

23-CV-3400 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

      Plaintiffs Michael Williams and Jonn Gibson, who worked as General Managers of Insomnia Cookies stores in Missouri, bring this suit alleging violations of federal and Missouri wage-and-hour laws. *See* ECF No. 1 ("Compl."), ¶¶ 1, 7-8, 27. By Order entered April 26, 2023, the Court directed Plaintiffs to show cause in writing why the case should not be transferred to the United States District Court for the Eastern District of Missouri on the ground that "all of the events and omissions giving rise to Plaintiffs' claims . . . appear to have occurred in Missouri." ECF No. 11, at 1. Plaintiffs filed a letter-brief opposing transfer, *see* ECF No. 12 ("Pls.' Ltr."), and Defendants filed a response in support of transfer, *see* ECF No. 18.

      Upon consideration of the parties' briefing and the relevant factors, the Court concludes that convenience and the interests of justice favor transfer. *See, e.g., Ucarer v. Ala Turk, Inc.*, No. 19-CV-5943 (JMF), 2020 WL 7028868, at *1 (S.D.N.Y. Nov. 30, 2020); *see also, e.g., Sadat v. State Univ. of N.Y. Upstate Med. Univ.*, No. 19-CV-5053 (JMF), 2019 WL 4511555, at *1 (S.D.N.Y. Sept. 19, 2019) (listing nine non-exhaustive factors to consider in evaluating whether a case should be transferred pursuant to 28 U.S.C. § 1404(a)). Plaintiffs object on three

grounds: (1) that "[t]his Court is [their] choice of forum"; (2) that "Defendants' witnesses are expected to be located in the State of New York"; and (3) that "[their] counsels are located in New York." Pls.' Ltr.[1] But these objections are without merit.

First, although a plaintiff's choice of forum is generally "given great weight," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006), that is not the case where, as here, "the plaintiffs' chosen forum is neither their home nor the place where the operative facts of the action occurred," *Cunningham v. Big Think Cap., Inc.*, No. 20-CV-10623 (KPF), 2021 WL 1600045, at *1 (S.D.N.Y. Apr. 23, 2021) (internal quotation marks omitted); *see also, e.g.*, *Emps. Ins. of Wausau v. News Corp.*, No. 06-CV-1602 (SAS), 2008 WL 4443899, at *3 & n.41 (S.D.N.Y. Sept. 29, 2008) (citing cases).

Second, Plaintiffs' "expect[ation]" that "key witnesses" are located in New York, where Defendants Insomnia Cookies, LLC, and Serve U Brand, Inc. are headquartered, does not weigh against transfer. Pls.' Ltr. 2. Conspicuously, Plaintiffs identify no such witnesses — which may be reason alone to reject their argument. *See, e.g.*, *Glotser v. Boardwalk Regency LLC*, No. 20-CV-2654 (JPC), 2023 WL 2162063, at *4 (S.D.N.Y. Feb. 22, 2023) ("[T]he Second Circuit has stated that a party seeking to rely on the convenience of witnesses factor must clearly specify the key witnesses to be called . . . ." (internal quotation marks omitted)). That is likely because, in a routine wage-and-hour case such as this, the key witnesses are almost certainly those who worked directly with the plaintiffs, not out-of-state corporate officials. *See also, e.g.*, *Morris v.*

---

[1] Plaintiffs wisely do not dispute that venue is proper in the Eastern District of Missouri. *See* Compl. ¶¶ 27-56; *see also* 28 U.S.C. §§ 1391(b) (providing that a civil action may be brought in, among other districts, a district "in which a substantial part of the events or omissions giving rise to the claim occurred").

*Ernst & Young, LLP*, No. 12-CV-838 (KMW), 2012 WL 3964744, at *4 (S.D.N.Y. Sept. 11, 2012). Here, all of those witnesses are located in Missouri, where Plaintiffs worked.

Third, it is well established that the location of counsel has no bearing whatsoever on whether transfer is appropriate. *See, e.g.*, *Invivo Rsch., Inc., v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000) ("[T]he convenience of counsel is not an appropriate factor to consider [in deciding whether to transfer a case]."); *Nicklin v. Taco Bell Corp.*, No. 09-CV-9773 (CM), 2010 WL 11500045, at *2 (S.D.N.Y. Mar. 31, 2010) (holding that, in deciding whether to transfer a case, "[c]ounsel's location is of no relevance whatever").

In short, Plaintiffs' objections to transfer are without merit. Moreover, Plaintiffs make no mention of the other relevant factors, many, if not all, of which counsel in favor of transfer. For instance, the location of counsel aside, Missouri is plainly more convenient to the parties; Missouri is the "locus" of *all* the "operative facts"; and the United States District Court for the Eastern District of Missouri is plainly more familiar with Missouri law than this Court is. *See Sadat*, 2019 WL 4511555, at *1. Accordingly, and substantially for the reasons set forth by Defendants in their letter-brief, the Court finds that transfer to the Eastern District of Missouri is consistent with "the convenience" of both the parties and witnesses and "in the interest of justice." 28 U.S.C. § 1404(a). In light of that conclusion, the August 2, 2023 initial pretrial conference is canceled, and the Clerk of Court is directed (1) to transfer this case to the United States District Court for the Eastern District of Missouri and (2) to close the case in this District.

SO ORDERED.

Dated: May 12, 2023
       New York, New York                    _____
                                             JESSE M. FURMAN
                                             United States District Judge